UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY L. WOULLARD,

    Plaintiff,

v.                                        Case No. 3:24cv227-LC-HTC

K. JACOBSEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy L. Woullard, a prisoner proceeding *pro se,* has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his incarceration at Santa Rosa Correctional Institution. Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b) because Plaintiff failed to truthfully disclose his litigation history.

**I.   LEGAL STANDARD**

Because Plaintiff is a prisoner seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

## II. FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

Plaintiff was asked on the complaint form in Section VIII to disclose his litigation history. Plaintiff disclosed only two cases when asked if he "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 14. This answer was not truthful. Based on a review of PACER, the Court takes judicial notice Plaintiff has filed over ten (10) cases, which were dismissed prior to service, including the following: *Woullard v. McDade et al*, 3:20-cv-00964-TJC-JBT; *Woullard v. Davis et al*, 3:20-cv-00996-BJD-MCR; *Woullard v. Florida State Prison*, 3:20-cv-01088-MMH-PDB. Also, although each of these other cases Plaintiff filed related to the conditions of his confinement, Plaintiff did not disclose *any* case to the question asking if he "filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement."

The complaint warned Woullard "that failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified." Doc. 1 at 13. Despite failing to truthfully disclose his litigation history, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated

above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 17-18. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete

information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process.

2. That the clerk closes the file.

At Pensacola, Florida, this 12th day of June, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.